UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID MACK, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) CASE NO. 2:23-CV-374-TLS-JPK |
| | ) |
| PILOT TRAVEL CENTERS, LLC, d/b/a | ) |
| Flying J. Travel Center, | ) |
| | ) |
| *Defendant*. | ) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its jurisdiction, and remand this action if the Court lacks subject matter jurisdiction. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); 28 U.S.C. § 1447(c). Defendant Pilot Travel Centers, LLC removed this action from state court on November 2, 2023, alleging diversity jurisdiction under 28 U.S.C. § 1332. [DE 1 ¶ 7]. A removing defendant bears the burden of proving proper federal jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Because the Court is unable to determine from Defendant's allegations whether it has subject matter jurisdiction, Defendant must file a supplemental jurisdictional statement as further discussed below.

**Discussion**

A federal court has diversity jurisdiction over civil actions when there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Notice of Removal sufficiently alleges facts demonstrating complete diversity of citizenship. It alleges that (1) Plaintiff is domiciled in

Pennsylvania, and (2) Defendant, through its two corporate members, is a citizen of both Tennessee and Nebraska. [DE 1 ¶¶ 8-9]. The Notice of Removal, however, does not contain sufficient allegations regarding the amount in controversy.

For cases removed based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Where the state court complaint seeks a money judgment but "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the action may be removed based upon an allegation in the notice of removal regarding the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). In that situation, however, removal is proper only if the defendant's allegation in the notice of removal that the amount in controversy exceeds $75,000 is plausible. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021) (stating that the Seventh Circuit "generally treat[s] the amount-in-controversy threshold as a 'pleading requirement'" (quoting *Blomberg v. Serv. Corp., Int'l*, 639 F.3d 761, 763 (7th Cir. 2011))); *see, e.g., Cellucci v. O'Leary,* No. 19-CV-2752 (VEC), 2021 WL 242806, at *2 (S.D.N.Y. Jan. 25, 2021) (citing cases for the proposition that a conclusory allegation that the amount in controversy requirement is satisfied is not sufficient without factual allegations to render the conclusory allegation plausible).

The sole allegation in the Notice of Removal regarding the amount in controversy is the allegation that "Plaintiff filed the State Court Action for personal injuries in an unspecified amount, alleging medical expenses, lost wages and pain and suffering damages." [DE 1 ¶ 10]. The Notice of Removal immediately follows this statement with the statement that, "[a]ccordingly, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332." [*Id.*]. But Defendant's allegation that the jurisdictional requirement is satisfied, based on the allegation that

2

Plaintiff seeks to recover for personal injuries, medical expenses, lost wages, and pain and suffering in unspecified amounts, is conclusory. And Defendant provides no additional factual allegations, so the Court cannot tell if that conclusory allegation is plausible. Not only are additional supporting factual details missing from the Notice of Removal, they are nowhere to be found in the state court complaint either. Indeed, the state court complaint is completely devoid of any details regarding the nature of the Plaintiff's injuries or even the incident that led to those injuries. Instead, the state court complaint merely alleges that Defendant was negligent in failing to warn Plaintiff of a dangerous condition existing at the location (no description given of that condition), and that, as a result of Defendant's negligence, "Plaintiff sustained personal injuries [no description given of those personal injuries] resulting in pain and suffering" [DE 5 ¶¶ 6-7]. The complaint goes on to allege that, as a result of his injuries, Plaintiff "has been required to engage the services of hospitals, physicians, and medical technicians for medical treatment, medication and x-rays, and has incurred, and may incur in the future, medical expenses," as well as past and future "lost income." [*Id.* ¶¶ 8-9]. These boilerplate allegations do not show that it is plausible that Plaintiff's present and anticipated future losses exceed $75,000.

The Seventh Circuit has said that it requires a removing defendant to point to "a specific, unequivocal statement from the plaintiff … that *specifically disclose[s] the amount of monetary damages sought*." *Walker v. Trailer Transit, Inc*., 727 F.3d 819, 824 (7th Cir. 2013) (emphasis added); *see, e.g., Redfield v. Uthe,* No. 2:20-CV-199-TLS-JPK, 2021 WL 2451906, at *3 (N.D. Ind. June 15, 2021) (finding that state court complaint did not trigger federal diversity jurisdiction because, "[a]lthough [it] alleges damages that include permanent and severe personal injuries, medical expenses, and lost wages and seeks punitive damages, the Complaint does not contain a dollar amount of damages sought"). District courts outside this circuit have held that neither oral

statements from opposing counsel,[1] nor a bare assertion by the plaintiff as to the amount in controversy,[2] are sufficient, although Defendant has not even alleged those things here. And even if the Court were to ignore *Walker* and not require an unequivocal written statement from the plaintiff that disclosed the specific amount of damages sought, Defendant's allegation that the amount in controversy based on Plaintiff's medical expenses, pain and suffering, and/or lost income exceeds the $75,000 threshold is speculative without further facts.

Accordingly, the Court **ORDERS** Defendant to **FILE**, on or before **December 5, 2023** a supplemental jurisdictional statement setting forth factual allegations from which the Court plausibly might infer that the amount in controversy in this matter exceeds $75,000 exclusive or interest and costs. If Defendant is unable to allege additional facts to support diversity jurisdiction as set forth above, Defendant may file an agreed motion to remand to state court instead.

So ORDERED this 21st day of November, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[1] *See, e.g., Mitilinios v. Costco Wholesale Corp.,* No. 17-CV-5306 (AMD) (SMG), 2018 WL 941715, at *4 (E.D.N.Y. Jan. 31, 2018) ("District courts in this circuit ... have held that an oral settlement demand is not a sufficient basis for removal.").

[2] *See, e.g., Wadsworth v. Fed. Ins. Co.*, No. 6:18-CV-1445-Orl-41DCI, 2018 WL 6977332, at *5 (M.D. Fla. Dec. 6, 2018) (holding that a bare assertion, "without more (such as specific justification for that amount, appraisals, damage estimates, or invoices for repairs), is equivalent to [ ] puffery and, thus, is insufficient to establish that the amount in controversy exceeds the jurisdictional amount"), *report and recommendation adopted*, No. 6:18-CV-1445-Orl-41DCI, 2019 WL 118046 (M.D. Fla. Jan. 7, 2019).